IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WILLIAMS, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-5406 ) |
| S&W CHICAGO, L.L.C. | ) ) ) |
| Defendant. | ) ) |

### NOTICE OF REMOVAL

Defendant S&W Chicago, L.L.C. ("S&W Chicago") hereby removes this putative class action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. This Court has jurisdiction under the Class Act Fairness Act ("CAFA") because minimal diversity exists and, on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.     Overview of Claims Asserted and Relief Sought.**

S&W is a Delaware limited liability company with its principal place of business in Massachusetts. *See* Ex. B, Dinsmoore Decl. ¶ 4, Compl. ¶ 2. Plaintiff Robert William's Class Action Complaint asserts that S&W requires employees to "clock-in" and "clock-out" using a time clock that scans employees' fingerprints in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 70 ILCS 14/1, *et seq. See* Compl. ¶¶ 33–41 (attached as part of Exhibit A).[1] Plaintiff alleges that S&W violated two separate BIPA Sections: 15(a) (failed to make a publicly available policy addressing biometric retention and destruction), and 15(b) (captured biometric information

---

[1] Exhibit A is "a copy of all process, pleadings, and orders served" on S&W. *See* 28 U.S.C. § 1446(a).

without consent). *Id.* ¶¶ 76–94. Plaintiff seeks as relief, among other things, "statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA,"[2] and "statutory damages of $1,000 per each negligent violation of BIPA." *Id.* ¶ D ("WHEREFORE" Paragraph). Plaintiff defines the putative class as follows:

> All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period.

*Id.* ¶ 71. Plaintiff also seeks "injunctive and other equitable relief" and "reasonable attorneys' fees and costs incurred in this litigation" as well as "pre- and post-judgment interest." *Id.* ¶¶ G–I.

## II.     Removal is Proper Under CAFA.

This Court has jurisdiction under CAFA because this lawsuit is a purported class action (*id.* ¶¶ 71–75) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); § 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); §1446 (permitting removal).

### A.     Minimal Diversity Exists.

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of Illinois. Compl. ¶ 4. For the purposes of CAFA, S&W is a citizen of the state where it is organized and where its principal place of business is located, which are Delaware and Massachusetts, respectively. Ex. B ¶¶ 4–5; *Young v. Integrity Healthcare Communities, LLC*, 513 F. Supp. 3d 1043, 1051 n.2 (S.D.

---

[2] Under BIPA, a plaintiff may recover "liquidated damages of $5,000 or actual damages, whichever is greater" for each intentional or reckless violation. 740 ILCS 14/20(2).

Ill. 2021) (for CAFA, "Congress chose to modify existing case law concerning the citizenship of unincorporated associations"); *Lewis v. loanDepot.com, LLC*, No. 20-c-7820, 2021 WL 5038779, at *3 (N.D. Ill. Oct. 29, 2021) (citing 28 U.S.C. § 1332(d)(10), "Under CAFA, an unincorporated association such as a limited liability company is deemed to be a citizen 'of the State where it has its principal place of business and the State under whose laws it is organized.'"); *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 573 (7th Cir. 2021) (holding "[a LLC's] nerve center is its brain and synonymous with its executive headquarters . . . . [s]ometimes a [LLC] will conduct many of its 'on the ground' operations in one state but its principal place of business will be in another"). Accordingly, minimal diversity exists.

  **B.**  **Amount in Controversy Exceeds $5,000,000l**

Here, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The Complaint asserts at least two types of alleged violations, and seeks statutory damages for "each" violation (*e.g.,* Compl. ¶ D ("WHEREFORE" paragraphs)). CAFA requires "the claims of the individual [purported] class members [to] be aggregated." 28 U.S.C. § 1332(d)(6).

Plaintiff employed at least 301 employees over the five years prior to the Complaint being filed. Ex. B ¶ 7. The Plaintiff seeks to represent a class of the employees who worked for S&W "during the applicable statutory period."[3] Compl. ¶ 71. Even assuming each employee only used the alleged biometric timeclock twice (a serious underestimate), a putative class of 301 would yield a maximum amount in controversy in excess of the jurisdictional prerequisite for the two

---

[3] Illinois courts have not decided if a five-year, two-year, or one-year statute of limitations applies to BIPA claims.

3

BIPA violations alleged (301 x 5,000 x 2 x 2 = $6,020,000).[4] Thus, as alleged, the amount-in-controversy requirement is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").[5]

### III. The Procedural Requirements for Removal Have Been Satisfied.

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1444(b). S&W was served on September 2, 2022. Ex. A (Affidavit of Service of Process). Counting forward 30 days comes to October 3, 2022.[6] S&W is today timely filing this Notice with the Circuit Court of Cook County, along with an executed copy of the Notice of Filing Notice of Removal. S&W is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated: October 3, 2022

Respectfully submitted,

**S&W Chicago, L.L.C.**

By: */s/ Erin Bolan Hines*
Erin Bolan Hines (ehines@shb.com)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
*Attorneys for Defendant*

---

[4] Even if Illinois courts decide a one-year statute of limitations applies to BIPA claims, Plaintiff's allegations meet the jurisdictional amount in controversy based on a mere 60 employees allegedly having their fingerprints scanned nine times over the course of a year. (60 x 9 x $5,000 x 2 = $5,400,000).

[5] Although the amount in controversy exceeds $5 million for removal purposes, S&W denies liability or that Plaintiff is entitled to any such damages.

[6] *See* Fed. R. Civ. P. 6(a)(1)(C) (if the last day of a time period is a Sunday "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday")

## **CERTIFICATE OF SERVICE**

I, Erin Bolan Hines, an attorney, hereby certify that on October 3, 2022, I caused a true and correct copy of **NOTICE OF REMOVAL** to be electronically filed with the Court via the Court's ECF system. I further certify that I emailed a copy of same upon the following counsel of record:

> Brandon M. Wise
> Paul A. Lesko
> Adam Florek
> PEIFFER WOLF CARR KANE
> CONWAY & WISE, LLP
> 818 Lafayette Ave., Floor 2
> St Louis, MO 63104
> bwise@peifferwolf.com
> plesko@peifferwolf.com
> aflorek@peifferwolf.com

*Attorneys for Plaintiff and the Putative Class*

/s/ Erin Bolan Hines